■ WIENERWALD 8TH STREET, INC., Appellant-Respondent, v. THIRD BREVOORT CORPORATION, Respondent-Appellant, and ONE EAST 8TH ST. CORP. et al., Appellants-Respondents.— Order, Supreme Court, New York County, entered on June 29, 1971, denying plaintiff's motion for a temporary injunction and for tolling of the notices of default, and denying defendant's cross motion to dismiss, unanimously reversed, on the law, and judgment is granted plaintiff declaring the notice of default to have been complied with, and the landlords are permanently enjoined from canceling or terminating the leases for alleged failure to comply with said notices of default.  Appellants Wienerwald 8th Street, Inc., and One East 8th St. Corp. shall recover of defendant-respondent-appellant one bill of $50 costs and disbursements of this appeal.  These similar notices of default, served under their respective leases, set forth Buildings Department violation Z7–71 as the grounds for the default.  An order to show cause was issued on June 9, 1971 in this declaratory judgment action, to restrain the respective landlords from terminating the leases and toll the running of the period set forth in the notices.  Prior to the determination of this motion, the Board of Standards and Appeals granted the application of Wienerwald "that the existing door  *  *  *  may remain installed  *  *  *

on condition that this door shall be used for exit purposes only ". Wiener-wald had retained architects to legalize the condition; prior to and until the time it was in fact legalized, there was no default under the leases. The record is clear that in any event the violation has been timely removed and the tenant has been protected by a stay and tolling (see *First Nat. Stores* v. *Yellowstone Shopping Center*, 21 N Y 2d 630; *150 East 57th St. Assoc.* v. *Fletcher*, 35 A D 2d 947). Concur — Capozzoli, J. P., McGivern, Murphy, Steuer and Eager, JJ.